CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

JAN 15 2009

JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| THE LEXINGTON FIRE DEPARTMENT,<br><br>*Plaintiff,*<br><br>v.<br><br>CITY OF LEXINGTON, VIRGINIA, ET AL.,<br><br>*Defendants.* | CIVIL ACTION NO. 6:08-CV-00019<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

By counsel, the Lexington Fire Department ("Plaintiff," or the "LFD") filed the instant Complaint alleging violations of its civil rights pursuant to 42 U.S.C. §§ 1983 and 1985. Plaintiff seeks injunctive relief and the award of compensatory and punitive damages. The matter is now before the court upon consideration of the Complaint and the Motion to Dismiss (docket no. 22) filed by counsel on behalf of Defendant Greg C. Raetz. For the reasons stated herein, I will grant Raetz's Motion to Dismiss, and Raetz will be stricken as a defendant in this case.

## I. PLAINTIFF'S ALLEGATIONS

The essence of the instant Complaint is that a number of Defendants, named and unnamed,[1] conspired to pass a municipal ordinance in Lexington, Virginia, allegedly transforming property of the LFD into the property of the City of Lexington (the "City"); in Plaintiff's view, this municipal ordinance was passed specifically to divert to the City a bequest

---

[1] Plaintiff names the following Defendants: "**CITY OF LEXINGTON, VIRGINIA**"; "**T. JON ELLESTAD**, individually & as Manager of the City of Lexington"; "**LAURENCE A. MANN**, individually & as Attorney for the City Of [sic] Lexington"; "**GREG C. RAETZ**, individually & as Co-Executor of the Estate of Dorothy Osburg"; and "Unknown **JOHN DOES, RICHARD ROES, JANE DOES,** who conspired to deprive Plaintiff of its rights."

intended for the LFD. Most of the Complaint concerns the constitutionality of the ordinance and whether the City of Lexington may keep the funds from the allegedly diverted bequest.

Regarding Defendant Greg Raetz, Plaintiff alleges that Dorothy Powell Osburg provided a legacy to the LFD, and that Raetz, a co-executor of Osburg's estate, "[i]n his individual capacity and as co-executor, . . . knowingly delivered or caused to be delivered to [the City Manager], [sic] legacy funds that were distributions of property of The [sic] Lexington Fire Department." Plaintiff states that Raetz "is believed to have conspired with [the City Manager] and the named Defendants, and others unknown to Plaintiff, which actions had the purpose and/or effect of denying Plaintiff's civil rights in violation of the Civil Rights Act, and the Constitution of the United States and the Amendments thereto."

Plaintiff states that, on or about February 5, 2007, the executors of Osburg's estate distributed $4,000.00 "payable to The [sic] Lexington Fire Department," and that "Raetz knowingly delivered the . . . Distribution to [the City Manager]."

Plaintiff states that, on or about December 31, 2007, the executors "reported another distribution payment in the amount of $195,000.00 . . . by check made payable to The [sic] Lexington Fire Department," and that "Raetz knowingly delivered the . . . Distribution to [the City Manager]."

In Count Four of the Complaint, beneath the subtitle, "Conspiracy," Plaintiff asserts that Raetz and other Defendants

> conspired together to take the legacy left to LFD by diverting the payment of LFD's estate distributions and then by formulating, sponsoring, and proposing and ultimately encouraging The [sic] City to adopt Ordinance 2007-19[2] with the

---

[2] According to Plaintiff, this Ordinance states, in part: "All personal property and money donated to the volunteer
(continued...)

Case 6:08-cv-00019-NKM-mfu   Document 53   Filed 01/15/09   Page 2 of 9   Pageid#: 675

intent and result of using said Ordinance to deny LFD access to and control over its property in a self-serving fashion. Further, said conspirators acted with the intent to deprive the Plaintiff of its rights under 42 USC §1983, and the Fifth and Fourteenth Amendments to the Constitution of the United States; or acted in reckless disregard of all of those rights and the statutory provisions of the Civil Rights Act.

In its prayer for relief, "Plaintiff requests that this Court declare that Defendant Raetz willfully, wrongfully, and improperly paid LFD's legacy to The [sic] City and that the legacy distributions, now in the custody and control of The [sic] City, belong to LFD." Plaintiff also requests "[t]hat this Court prohibit Defendant Raetz from charging costs associated with this proceeding, [sic] to the Osburg Estate."

## II. RAETZ'S MOTION TO DISMISS

Raetz contends that the Complaint states no facts to support any civil rights claims against him. Specifically, Raetz maintains that, "by the Complaint's own language, [he] is only a person who sent checks to the City of Lexington in his capacity as a co-executor of an Estate." Raetz points out that "Plaintiff pleads no facts . . . to support any theory that Raetz interacted with any of the other named Defendants in any capacity" and that "Raetz is not an elected official in Lexington and has no role in promulgating ordinances." Raetz states that "it is obvious from a review of Plaintiff's Complaint that Raetz is only named as a conspirator because he sent the checks to . . . [the] City Manager," that "[t]here is no basis under the law to become a conspirator purely because one mails a check to another," and that he mailed the checks to the City Manager "as it was customarily the case that the City of Lexington managed the LFD, including its funds." According to Raetz, "the Court can accept all factual allegations of the

---

²(...continued)
company shall become and be the property of the city for the exclusive benefit of the Fire Department."

Case 6:08-cv-00019-NKM-mfu Document 53 Filed 01/15/09 Page 3 of 9 Pageid#: 676

Complaint as true with respect to Raetz," but the claims against him nonetheless fail because Plaintiff has pleaded no facts supporting the conclusory allegations.

### III. STANDARD OF REVIEW

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999). In considering a Rule 12(b)(6) motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *See id.*, at 244; *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 254–55 (W.D. Va. 2001). The plaintiff must allege facts that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. ___, 127 S. Ct. 1955, 1965 (2007). "[A] Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244. A complaint may not be dismissed if it alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 550 U.S. at ___, 127 S. Ct. at 1974. Nonetheless, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at ___, 127 S. Ct. at 1964-65. When dismissing a complaint for failure to state a claim upon which relief may be granted, courts may consider exhibits attached to the complaint, and where a conflict exists between "the bare allegations of the complaint and any attached exhibit, the exhibit prevails." *United States ex rel. Constructors,*

*Inc. v. Gulf Ins. Co.*, 313 F. Supp. 2d 593, 596 (E.D. Va. 2004) (citing *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991)); *see also Anheuser-Busch v. Schmoke*, 63 F.3d 1305, 1312 (4th Cir. 1995), *vacated and remanded on other grounds*, 517 U.S. 1206 (1996).

### IV. Discussion

#### A. *42 U.S.C. § 1983*

Section 1983 provides a cause of action for the deprivation of a right secured by the United States Constitution or other law of the United States by a person acting under color of state law. *Id.* The Supreme Court of the United States has explained that

> [t]he terms of § 1983 make plain two elements that are necessary for recovery. First, the plaintiff must prove that the defendant has deprived him of a right secured by the "Constitution and laws" of the United States. Second, the plaintiff must show that the defendant deprived him of this constitutional right "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." This second element requires that the plaintiff show that the defendant acted "under color of law."

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970) (footnote omitted); *see also Lee v. Patel*, 564 F. Supp. 755, 757 (E.D. Va.1983). "Although a private person may cause a deprivation of such a right, he may be subjected to liability under § 1983 only when he does so under color of law." *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978). A person acts under color of state law "only when exercising 'power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *see also Calvert v. Sharp*, 748 F.2d 861, 862 (4th Cir. 1984), *overruled on other grounds by West v. Atkins*, 487 U.S. 42 (1988).

Case 6:08-cv-00019-NKM-mfu Document 53 Filed 01/15/09 Page 5 of 9 Pageid#: 678

Raetz is a private citizen – an accountant who was appointed a co-executor of the Osburg estate – and Plaintiff has alleged no facts suggesting that Raetz was acting under the authority of state law when the alleged violations occurred. Conduct by a private entity may constitute "state action" for purposes of a § 1983 action in three situations. *Haavistola v. Community Fire Co.*, 6 F.3d 211, 215 (4th Cir. 1993). First, state action may occur when "there is a sufficiently close nexus between the state and the challenged action of the regulated entity such that those actions may be fairly treated as those of the state." *Id.* (citation omitted). Second, state action may occur when the state has regulated an entity to such an extent that the action "must in law be deemed to be that of the state." *Id.* And third, state action may occur when a private entity exercises powers traditionally exclusive to the state. *Id.* Clearly, none of these situations applies to Raetz. *See gen.* 15 Am. Jur. 2d *Civil Rights* § 18 (1976, Supp. 1999), 15 Am. Jur. 2d *Civil Rights* § 72 (Westlaw database updated September 2008). Plaintiff's factual allegations do not remotely suggest that Raetz acted under color of law when, acting as co-executor of an estate, he delivered to the City Manager checks made payable to the LFD. Accordingly, Plaintiff's § 1983 claims against Raetz will be dismissed for failure to state a claim upon which relief may be granted.

### B. 42 U.S.C. § 1985

As for Plaintiff's claims of conspiracy to violate its constitutional rights under 42 U.S.C. § 1985, the complaint fails to establish any facts or allegations of a conspiracy under that section against Raetz. Plaintiff does not specify upon which paragraph or clause of § 1985 it bases its

-6-

Case 6:08-cv-00019-NKM-mfu   Document 53   Filed 01/15/09   Page 6 of 9   Pageid#: 679

conspiracy claim; however, it is clear that the only possibly applicable portions are the first portion of § 1985(3) and the second clause of § 1985(2).[3]

To establish a sufficient cause of action for "conspiracy to deny equal protection of the laws" under § 1985(3), a plaintiff must allege:

> (1) a conspiracy of two or more persons, (2) who are **motivated by a specific class-based, invidiously discriminatory animus** to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy. . . . Moreover, the law is well settled that to prove a section 1985 "conspiracy," a claimant must show an agreement or a "meeting of the minds" by defendants to violate the claimant's constitutional rights.

*Simmons v. Poe*, 47 F.3d 1370, 1376-77 (4th Cir. 1995) (citations omitted) (emphasis added); *see also Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). "To meet the requirement of a class-based discriminatory animus, under this section the class must possess the 'discrete, insular and immutable characteristics comparable to those characterizing classes such as race, national

---

[3] The first portion of § 1985(3), which actually contains two separate clauses, reads as follows:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws. . . .

The second portion of 42 U.S.C. § 1985(2) applies to conspiracies to obstruct the course of justice in state courts, providing that,

> if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws. . . .

The other portions of § 1985 "relate to institutions and processes of the federal government – federal officers, § 1985(1); federal judicial proceedings, the first portion of § 1985(2); and federal elections, the second part of § 1985(3)." *Kush v. Rutledge*, 460 U.S. 719, 724 (1983). It is clear that those portions of § 1985 cannot be implicated in the instant action.

Case 6:08-cv-00019-NKM-mfu    Document 53    Filed 01/15/09    Page 7 of 9    Pageid#: 680

origin and sex.'" *Buschi v. Kirven*, 775 F.2d 1240, 1257 (4th Cir. 1985) (citation omitted). Moreover, to state "'conspiracy claims under § 1985(3) or § 1983,'" a plaintiff must "'plead specific facts in a nonconclusory fashion to survive a motion to dismiss.'" *Simmons*, 47 F.3d at 1377 (quoting *Gooden v. Howard County*, 954 F.2d 960, 969-970 (4th Cir. 1992)).

To state a claim under the second clause of § 1985(2), "'[t]he language requiring intent to deprive of *equal* protection, or *equal* privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" *Kush v. Rutledge*, 460 U.S. 719, 725-26 (1986) (quoting *Griffin*, 403 U.S. at 102) (holding that the absence of such language in the first clause of § 1985(2) means that "Congress did not intend to impose a requirement of class-based animus on persons seeking to prove a violation of their rights under the first clause of § 1985(2)"); *see also Bloch v. Mountain Mission School*, 846 F.2d 69 (4th Cir. 1988) (Table) (post-*Kush*, observing that a racial or class-based animus is necessary for a violation of the first part of § 1985(3) and the second part of § 1985(2)); *Dotson and Bloch v. The Mountain Mission School, et al.*, 692 F. 2d 752 (4th Cir. 1982) (Table) (pre-*Kush*, reasoning that racial or class-based animus is necessary for a violation of the second clause of § 1985(2) because "[t]he 'equality' language that is the foundation for the class-based animus requirement in § 1985(3) is conspicuously absent from the first half of § 1985(2) but is present in the second half of § 1985(2)").

In this case, Plaintiff has not alleged that Raetz harbored any racial or class-based discriminatory animus against it, and the Complaint suggests no basis for such an allegation. Nor, for that matter, does the instant Complaint provide any other facts lending any support whatsoever to a conspiracy claim against Raetz under § 1985. Plaintiff has failed to show any "meeting of the minds" by Raetz and any other Defendants to violate the Plaintiff's

constitutional rights: Plaintiff has made general conclusory allegations that Raetz is "believed" to have "conspired" with other Defendants, but does not suggest that any such conspiracy was an attempt to interfere with any state court proceedings or to deprive Plaintiff of the equal protection of the laws. Plaintiff has put forth only broad allegations against Raetz that do not indicate any actual violation of Plaintiff's civil rights, and Plaintiff's allegations do not suggest the existence of any conspiracy offensive to § 1985 in which Raetz may have participated. At most, Raetz delivered a bequest, in the form of checks made out to the Lexington Fire Department, to the City Manager of Lexington, Virginia. For these reasons, any claim alleged against Raetz under § 1985 is dismissed for failure to state a claim upon which relief may be granted.

## V. CONCLUSION

For the stated reasons, Defendant Raetz's Motion to Dismiss (docket no. 22) will be granted, and Raetz will be stricken as a defendant in this case.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record

Entered this 15th day of January, 2009.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE